G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd., Suite 960
Los Angeles, CA 90028
Telephone: (323) 940-1700
Fax: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff
RICHARD GRAHAM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RICHARD GRAHAM<br><br>      Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.;<br>EQUIFAX INFORMATION<br>SERVICES, LLC<br><br>      DefendantS. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br><br>Unlimited Civil Jurisdiction |

-1-

**INTRODUCTION**

1.      Plaintiff Richard Graham ("Plaintiff") brings this Complaint for Damages against Defendants Bank of America, N.A. ("BOA") and Equifax Information Services, LLC ("Equifax").

2.      Plaintiff brings this action for damages based upon Defendants' violations of:  (1) the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681; and (2) the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code § 1785.25.

**VENUE AND JURISDICTION**

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).  The matter in controversy, exclusive of interest and costs, exceeds the sum of value of $ 75,000.00, and is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any Defendant.

4.      Jurisdiction of this Court also arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

**PARTIES**

6.      Plaintiff, Richard Graham, is a natural person who resides in Simi Valley, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a). and by the CCCRAA, Cal. Civ. Code § 1785.3(b).

7.       Defendant BANK OF AMERICA, N.A.  ("BOA") is and was, at all relevant times stated herein, a corporation with its headquarters in Salt Lake City, Utah, which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. §

1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant BOA is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

10. Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") is a limited liability company with its principal place of business located in Atlanta, Georgia. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

12. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. On October 7, 2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Central District of California, Case. No. 1:09-BK-23258-VK

14. On February 27, 2013, Plaintiff filed a Motion to Abandon the Real Property located at 4730 East Craig Road, Nuit 1113, Las Vegas, NV 89115 in the Bankruptcy Court. The Bankruptcy Court granted Plaintiff's motion on March 25, 2013.

15. On April 2, 2015, Plaintiff obtained a discharge of all debts he had incurred prior to the filing of their bankruptcy petition.

16.     Within the last two years, Plaintiff conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Trans Union (collectively referred to as "credit reporting agencies" or "CRAs"), and discovered inaccuracies in their credit files.  Plaintiff discovered that Defendant BOA was furnishing false and inaccurate information to Transunion, Experian and Equifax that Plaintiff still owed an outstanding deficiency balance of $ 126,884.00 for the mortgage relating to the Real Property located at 4730 East Craig Road, Nuit 1113, Las Vegas, NV 89115. (hereinafter, "The Deficiency Balance").

18.     The Deficiency Balance which BOA was reporting was incurred prior to the filing of Plaintiff's bankruptcy petition and was inaccurate because any personal liability for the deficiency balance was extinguished by virtue of Plaintiff's surrender and abandonment of the property and Plaintiff's discharge in his bankruptcy proceedings.

19.     Subsequently, Plaintiff formally disputed the alleged debt with Equifax and Experian and Transunion several times.

20.     Upon receipt of Plaintiff's disputes, Equifax, Experian and Transunion sent automatic customer dispute verification forms ("ACDV's") informing BOA that Plaintiff was disputing BOA's reporting of the deficiency balance.

21.     Upon receipt of these ACDVs, BOA continued to furnish inaccurate information about Plaintiff regarding the deficiency balance to Equifax.

22.     Despite Plaintiff's exhaustive efforts to date to remove the erroneous information reported by the Defendants, the Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiff.

23.    As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

24.    As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25.    As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to their credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's real detriment and loss.

26.    As a result of Defendants' conduct, Plaintiff has suffered decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing them from being able to obtain credit.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)**

**(Against BOA)**

27.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.    The FCRA requires a furnisher such as BOA, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or

inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

29.    Within the last two years, defendant BOA provided inaccurate information to the credit reporting agencies.

30.    Within the past two years, Plaintiff notified Experian, Equifax, and Trans Union that his report concerning the BOA trade-line was inaccurate. Thereafter, the credit reporting agencies notified BOA that Plaintiff was disputing the information BOA had furnished to the credit reporting agencies.

32.    BOA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b);

   a.  willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

   b.  willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to BOA;

   c.  willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d.  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   e.  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

   f.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies;

g.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiffs' account to credit reporting agencies; and

h.  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

33.   In attempting to collect the aforementioned alleged debt, BOA, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant BOA continued to report that Plaintiff owed a deficiency balance when this debt was discharged by the bankruptcy court.

34.   BOA's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant are liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)
### (Against Equifax)

35.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.   The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice.  15 USC § 1681i(a)(l)(A).

37.    The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

38.    Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

39.    Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

40.    Equifax failed to review and consider all relevant information submitted by Plaintiff.

41.    Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file in violation of 15 USC § 1681e(b).

42.    As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages, as outlined above.

43.    Equifax's violations of the FCRA were willful and Plaintiff is therefore entitled to also seek statutory and punitive damages.

## THIRD CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§1785.25(a))**

**(Against BOA)**

44.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.     California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

46.     California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

47.     California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

48.     Defendant BOA negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

49.     Based on these violations of Civil Code § 1785.25(a), Plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

50.     an award of actual damages, in an amount to be determined at trial, pursuant to *15 U.S.C § 1681(n)* and *Cal. Civ. Code § 1785.31(a)(2)(A);*

51.     an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to *15 U.S.C § 1681(n);*

52.     an award of punitive damages under *15 U.S.C § 1681(n);*

53.     an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of *Cal. Civ. Code § 1785.25(a);*

54.     an award of attorneys' fees and costs pursuant to *15 U.S.C § 1681(o)* and *Cal. Civ. Code § 1785.31(d);*

55.     Providing such further relief as may be just and proper.

Dated: January 31, 2016                         Respectfully submitted,

                                                **MARTIN & BONTRAGER, APC**


                                                /s/ G. Thomas Martin, III
                                                G. Thomas Martin, III
                                                Attorney for Plaintiffs